UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES H. GRAVES, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION No. CV-96-S-2057-NE |
| WOODY ANDERSON FORD, INC., | ) |
| Defendant. | ) |

ENTERED
APR 1 1997

## MEMORANDUM OPINION

This action is before the court on plaintiffs' motion to remand. Oral arguments were heard at this court's March 26, 1997 motion docket. Upon consideration of the motion, pleadings, briefs, and arguments, this court concludes the motion is due to be granted.

### I. PROCEDURAL HISTORY

Plaintiffs filed this action in the Circuit Court of Madison County, Alabama on July 2, 1996, alleging breach of contract in the purchase of a vehicle from Woody Anderson Ford, Inc. Defendant was served on July 8, 1996, and removed the action to this court on August 7, 1996. Defendant claimed jurisdiction was proper under 28 U.S.C. § 1332, because: plaintiffs are residents of Tennessee; defendant is an Alabama corporation with its principal place of business in that state; and, the amount in controversy exceeded $50,000. Defendant focused upon the fact that "plaintiffs seek an unspecified amount of 'compensatory, punitive, and such other damages as a jury upon trial of this matter deems appropriate,'" as well as "compensation for 'emotional pain and distress.'" (Notice of Removal, at ¶¶ 3, 8.) Defendant cited recent instances in which

/4

state court juries had returned verdicts for such damages in amounts that grossly exceeded the jurisdictional minimum. (*Id.*, ¶ 6.)

By Order entered August 15, 1996, this court dismissed all fictitious parties. On December 20, 1996, plaintiffs moved to amend their complaint, to add claims of fraud and suppression of material facts. The motion was denied. On December 24, 1996, plaintiffs moved for reconsideration. That motion also was denied. On January 9, 1997, plaintiffs moved to remand, claiming that "as a matter of law, [they] are not entitled to any relief other than compensatory damages proximately caused by the breach [of contract], and plaintiffs' claims for other relief must be disregarded in assessing the amount in controversy." (Plaintiff's Brief, at 4.)

> It is undisputed that the amount in controversy over the remaining breach of contract claim does not and cannot exceed $50,000, exclusive of interest and costs as required by 28 U.S.C. § 1332. While the ad damnum clause of the original complaint contains a claim for punitive damages, punitive damages are not recoverable in this action under Alabama law and cannot be considered in assessing the relevant amount in controversy.

(Plaintiffs' Motion to Remand, at ¶ 4.)

## II. DISCUSSION

28 U.S.C. § 1447(c) provides in pertinent part that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall be</u> remanded" (emphasis supplied). Where a plaintiff has specifically claimed <u>less than</u> the jurisdictional amount, the defendant must show to a legal certainty that plaintiff's claim must exceed $50,000 in order

2

to defeat a motion to remand. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Where, as here, a plaintiff has made an <u>unspecified demand</u> for damages, a lower burden of proof is warranted, because there simply is no estimate of damages to which a court may defer. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). "Nevertheless, a defendant's ability to remove a state case to federal court is not unfettered. The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a 'preponderance of the evidence' standard.' *Id.* at 1357. When addressing a motion to remand "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

As noted, plaintiffs' complaint contains a demand for damages in an unspecified amount. Even so, the only claim before this court is a single count alleging breach of contract. The purchase price of the automobile at issue was $32,925.00 (inclusive of interest and costs). Defendant claims that the purchase price, coupled with punitive damages and damages for emotional distress, exceeds $50,000.

It is a well-settled principle of Alabama law, however, that damages for breach of contract are the amount of the loss suffered by a party harmed by the breach. *See, e.g., Hobson v. American Cast Iron Pipe Company*, 1997 WL 61459 at *3 (Ala. 1997)(citing *Corson v. Universal Door Systems, Inc.*, 596 So.2d 565, 572 (Ala.

3

1991), and *James S. Kemper & Co. Southeast, Inc. v. Cox & Associates, Inc.*, 434 So.2d 1380 (Ala. 1983)). The Alabama Supreme Court holds that contract damages are limited to those flowing naturally and proximately from the breach, and that their purpose is to put the injured party in the same position he or she would have occupied if the contract had not been breached. *See, e.g., Cannon v. Jefferson County Committee for Economic Opportunity, Inc.*, 599 So.2d 32 (Ala. 1992).

Accordingly, punitive damages generally are not recoverable for breach of contract under Alabama law. *See Sherrin v. Northwestern National Life Insurance Company*, 2 F.3d 373, 381 (11th Cir. 1993)(citing *Corson*, 596 So.2d at 572); *see also, e.g., Nolin v. Dismukes*, 554 So.2d 1019 (Ala. 1989); *John Deere Industrial Equipment Co. v. Keller*, 431 So.2d 1155 (Ala. 1983); *Geohagan v. General Motors Corp.*, 279 So.2d 436 (1973). Nothing in the present case warrants an exception to that general rule.

Further, "damages [generally] cannot be received for mental anguish arising from a breach of contract." *Sexton v. St. Clair Federal Savings Bank*, 653 So.2d 959 (Ala. 1995); *see also Moore v. Beneficial National Bank USA*, 876 F. Supp. 1247 (M.D. Ala. 1995)(general rule is that mental anguish is not a recoverable element of damages arising from breach of contract); *B & M Homes, Inc. v. Hogan*, 376 So.2d 667, 671 (Ala. 1979)(same); Charles W. Gamble, *Alabama Law of Damages* §17-1, at 226 (3d ed. 1994). "The ground on which the right to recover such damages is denied, is that they are too remote, were not within the contemplation of the

4

parties, and that the breach of the contract is not such as will naturally cause mental anguish." *B & M Homes, Inc.*, 376 So.2d at 671. Alabama courts have carved only two narrow exceptions to that rule:

> [W]here the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration....
>
> Another exception is where the breach of the contract is tortious, or attended with personal injury, damages for mental anguish may be awarded.

*B & M Homes, Inc.*, 376 So.2d at 671.

Defendant cites three cases in support of the proposition that damages for mental anguish are appropriate in this case, and "more likely than not exceed[] the jurisdictional requirement." (Defendant's Brief, at 12.) Two of defendant's cases, *Lawler Mobile Homes v. Tarver*, 492 So.2d 297 (Ala. 1986), and *Orkin Exterminating Company, Inc. v. Donovan*, 519 So.2d 1330 (Ala. 1988), each involved a breach of contract relating to the construction or renovation of the plaintiff's home. In such cases, damages for mental distress may sometimes be awarded, because a home is "the largest single investment that the average American family will make," *Walker Builders, Inc. v. Lykens*, 628 So.2d 923 (Ala. Civ. App. 1993), and a "[plaintiff's] home is her castle, her protection from the elements, and her shelter for her belongings." *Orkin*, 519 So.2d at 1333. Consequently, courts have found it reasonably foreseeable that contracts affecting one's home affect the solicitude and well being of the occupants. The remaining case on

5

which defendant relies, *Farmers & Merchants Bank of Centre v. Hancock*, 506 So.2d 305 (Ala. 1987), falls squarely under the exception to allowing mental anguish damages where the breach of contract is tortious or attended with personal injury. The present action involves neither circumstance.

Further, the narrow exceptions discussed in *B & M Homes* have been applied to the purchase of an automobile only in the most egregious circumstances. In *Volkswagen of America, Inc. v. Dillard*, 579 So.2d 1301 (Ala. 1991), for example, plaintiff alleged breach of warranty on an automobile where: he turned the automobile in for repair on 21 occasions during the first year and a half; on one occasion the automobile was kept for two months; the automobile frequently "cut off" and "stopped" when plaintiff pulled in front of oncoming traffic; there was constant stalling, jerking, and grinding in the gear shift; plaintiff often was forced to push the automobile out of the street to allow it to cool (oftentimes plaintiff was forced to wait 20 minutes for temperature to return to normal); and, the sunroof leaked. (Even so, that plaintiff was awarded only $8,000 in damages for mental distress.) This case does not present such facts.

Defendant has failed to demonstrate that the contractual duty allegedly breached is so intertwined with matters of mental solicitude that mental suffering necessarily will result. Further, the breach of contract is neither tortious nor attended with personal injury. As a result, defendant has failed to show by a preponderance of evidence that either punitive damages or damages

6

for mental distress are appropriate for breach of the contract at issue herein and, consequently, that the amount in controversy exceeded $50,000 on the date this action was removed from state court.

### III. CONCLUSION

Accordingly, this action was improvidently removed, and plaintiffs' motion to remand is due to be **GRANTED**. An order consistent with this memorandum opinion will issue contemporaneously herewith.

**DONE** this 1st day of April, 1996.

_____
United States District Judge

7